**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Bradley D. Winbush</u>

   v.                                                Civil No. 13-cv-140-JD

<u>Richard M. Gerry, Warden, New
Hampshire State Prison</u>[1]

**REPORT AND RECOMMENDATION**

Bradley D. Winbush has filed a petition for a writ of habeas corpus (doc. no. 1) pursuant to 28 U.S.C. § 2254.  The matter is before the court for preliminary review.  <u>See</u> Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") Rule 4; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

**§ 2254 Rule 4 Standard**

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  <u>Id.</u>  In undertaking this

---

[1] Winbush named the New Hampshire State Prison ("NHSP") as the respondent to this action.  The proper respondent is his custodian, NHSP Warden Richard M. Gerry.  <u>See</u> Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.  The court construes the petition to have named Gerry as the respondent in this matter.

review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action.  See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).  The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008 ("As a general rule, . . . we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects.").

## Background

On September 10, 1999, Winbush pleaded guilty to ten felonies in the Hillsborough County Superior Court, Northern Division ("HCSCN"), and received a 22-62 year prison sentence. More than eleven years later, Winbush filed a motion to vacate his guilty plea, claiming he did not knowingly, voluntarily, and intelligently waive his constitutionally protected trial rights, as he was not properly informed of the length of his sentence prior to entering his plea.  In his motion, Winbush sought to

withdraw his plea, vacate his conviction and sentence, and have the HCSCN order a new trial.

The HCSCN held evidentiary hearings on Winbush's motion on August 31, 2011, and February 21, 2012.  On May 11, 2012, the HCSCN issued an order (doc. no. 1, at 17-27), denying Winbush's request to vacate his plea or order a new trial, but modifying Winbush's sentence to 22-44 years, the sentence that the court found Winbush to have understood at the time he entered his plea.  Winbush appealed the HCSCN's order to the New Hampshire Supreme Court ("NHSC").  The NHSC declined the appeal on August 16, 2012.  See Doc. No. 1, at 16.

Winbush filed this § 2254 petition (doc. no. 1) on March 26, 2013, alleging that his conviction and sentence were imposed upon a guilty plea that was not knowingly, intelligently, and voluntarily entered.  Winbush also alleges in his petition that his trial counsel was ineffective in failing to properly advise him of the sentence to which he was pleading guilty in 1999.

**Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year limitations period for state prisoners to file federal habeas petitions.  See 28 U.S.C. § 2244(d)(1); Wood v. Milyard, 132 S. Ct. 1826, 1831 (2012); Herbert v. Dickhaut, 695 F.3d 105, 108 (1st Cir. 2012), petition for cert.

filed (U.S. Dec. 18, 2012) (No. 12-9565).  AEDPA's one-year time limit runs from the time that the state court judgment of conviction became final by the conclusion of direct review or by the expiration of the time for seeking direct review.  See 28 U.S.C. § 2244(d)(1)(A); Wood, 132 S. Ct. at 1831; Herbert, 695 F.3d at 108.

The AEDPA excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Although the limitations period is stopped during the pendency of properly filed post-conviction state court litigation, it is not reset or restarted by post-conviction litigation initiated after the limitations period has expired.  See Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007).

The record presently before the court shows that Winbush's conviction became final in 1999.  The AEDPA's one-year statute of limitations, therefore, expired long before Winbush filed his 2010 motion challenging his conviction.  Because Winbush initiated his post-conviction litigation after the statute of limitations expired, Winbush's petition is untimely.  Moreover, no facts asserted in the petition provide grounds for equitable tolling of the statute of limitations.  See generally Drew v. MacEachern, 620 F.3d 16, 23 (1st Cir. 2010) (petitioner is

4

entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition (internal quotation marks and citations omitted)).

A district court may dismiss a habeas petition sua sponte on the basis of the statute of limitations, if the time-bar is apparent on the face of the petition, see § 2254 Rule 4, and if the parties receive fair notice and an opportunity to object. See Day v. McDonough, 547 U.S. 198, 209-10 (2006).  Here, the time-bar is apparent on the face of the petition.  This report and recommendation provides petitioner with the requisite notice.  Therefore, unless petitioner, in a timely-filed objection to this report and recommendation, establishes that there is a basis for equitable tolling of AEDPA's statute of limitations, the court should dismiss the petition with prejudice as time-barred.

## Conclusion

For the foregoing reasons, the court recommends dismissal of Winbush's § 2254 petition.  Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to

appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

May 31, 2013

cc: Bradley D. Winbush, pro se

LBM:jba