UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Bradley D. Winbush

    v.                                    Civil No. 13-cv-140-JD

Richard Gerry, Warden,
New Hampshire State Prison


O R D E R

Bradley D. Winbush, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On preliminary review, the magistrate judge recommended that the petition be denied because it was untimely. Winbush did not respond to the report and recommendation within the time allowed. The report and recommendation was approved, and judgment was entered on June 20, 2013.

On June 21, 2013, the court received Winbush's objection to the report and recommendation. Winbush filed a motion for relief from the judgment pursuant to Federal Rule of Civil Procedure 60 on June 26, 2013. Winbush represents that he received the report and recommendation on June 1 and that he deposited his objection to the report and recommendation into the prison mail system on June 14, 2013. In his motion, Winbush asks the court to consider his objection to the report and recommendation and to vacate the judgment.

The magistrate judge concluded in the report and recommendation that Winbush's petition was untimely because it was filed in 2013, much more than one year after his conviction became final in 1999. See 28 U.S.C. § 2244(d)(1). Although Winbush initiated post-conviction proceedings in state court, he did so long after the § 2244(d)(1) limitation period had expired, which precluded tolling under § 2244(d)(2). See Trapp v. Spencer, 479 F. 3d 53, 58-59 (1st Cir. 2007). In his objection, Winbush argues that his petition is not time-barred because the factual predicate for his petition was not known until the state court issued its decision on May 11, 2012, reducing his maximum sentence to forty-four years.

Section 2244(d)(1)(D) provides that the one-year limitation period runs from the latest of four occurrences, including "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Winbush's claim is that his guilty plea was involuntary because he was not correctly informed about the length of his sentence. Winbush states in his objection that he thought his sentence was twenty-two years but "learned, through normal D.O.C. classification and parole processess {sic}, that he had actually been sentenced to a term of 22 to 64 years." Winbush does not state when that occurred but states that he

"promptly moved his trial court for withdrawal of his guilty plea."

Based upon the facts found by the state court in the May 11, 2012, decision, which Winbush filed with his petition, Winbush knew when he pleaded guilty in 1999 that his sentence was 22 to 44 years. Therefore, the more recent state court proceedings did not provide the factual predicate for Winbush's claims that could not have been discovered earlier. To the extent Winbush objects to the factual grounds for the state court's May 11, 2012, decision, that is not a basis for § 2254 relief. The § 2254 petition was not timely filed.

## Conclusion

For the foregoing reasons, the petitioner's motion under Rule 60 is denied.

SO ORDERED.

*[signature]*
Joseph A. DiClerico, Jr.
United States District Judge

July 24, 2013

cc: Bradley D. Winbush, Jr., #73085